**George P. BAKER et al., Trustees of the Penn Central Transportation Company, Plaintiffs,**

v.

**RISS & COMPANY, Inc., Defendant.**

**Civ. A. No. 17729-3.**

United States District Court, W. D. Missouri, W. D.

Aug. 20, 1971.

Bruce C. Houdek, James & McCanse, Kansas City, Mo., for plaintiffs.

Rodger J. Walsh, Kansas City, Mo., for defendant.

---

## JUDGMENT DISMISSING COMPLAINT FOR WANT OF JURISDICTION

WILLIAM H. BECKER, Chief Judge.

This is an action, according to the allegations of the complaint herein, under the provisions of Section 1337, Title 28, United States Code, by the plaintiff railroad (on appeal, the trustees were substituted as parties plaintiff) to collect "storage and detention charges in the amount of One Thousand Eight Hundred Forty-Eight Dollars" allegedly incurred by defendant "[o]n various dates between on or about September 15, 1966, to and including February 1, 1969." In the complaint in this case, plaintiff alleged that the charges were made under the correct tariff, and in the complaint alleged that the tariff is "on file with [the] Interstate Commerce Commission," Defendant generally denied the allegation, as it did the other allegations of the complaint. Later in the course of the pleadings, plaintiff admitted that the applicable tariff was not on file with the Interstate Commerce Commission, but rather had been arrived at by negotiation between the parties. The agreement sought to be enforced arose out of "piggy-back" transportation by plaintiff of defendant's trucks under tariffs filed by defendant with the Interstate Commerce Commission, with the agreement providing for division of the tariff monies between plaintiff and defendant. Plaintiff, however, still insisted that jurisdiction of this Court was proper under § 1337, Title 28, United States Code —as did defendant. Further, plaintiff contended that the charges being made were for storage. Therefore, under the rule of United States v. Western Pacific Railroad Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, this Court concluded that the "primary jurisdiction" of the Interstate Commerce Commission might be applicable and entered a declaratory judgment "binding parties to abide the decision of Interstate Commerce Commission and retaining jurisdiction for possible motion for conventional relief in accordance with that decision." In so doing, this Court noted that it appeared that there were no enforceable tariffs on file except the tariff of the defendant, but, giving plaintiff the benefit of the doubt as required by liberal pleading rules, it was conceivable that the Interstate Commerce Commission might find that the divisional agreement between the parties valid and reasonable.

 On June 29, 1971, the United States Court of Appeals for the Eighth Circuit vacated that judgment in Baker v. Riss & Company, Inc. (C.A. 8) 444 F.2d 257 (1971) with instructions to dismiss the complaint herein for want of jurisdiction. In so doing, the Court of Appeals apparently concluded that, because both the United States Supreme Court and the Interstate Commerce Commission had described the type of divisional agreement here sued upon as one which is in common use and one which had been approved generally as a "valid through-route and joint-rate arrangement within the contemplation of Section 216(c) of the act;" general approval of the type of agreement must mean that all of the specific agreements must be deemed as approved as well. See Substituted Service-Piggyback, 322 I.C. C. 302, 349. See also American Trucking Ass'n v. Atchison, T. & S. F. R. Co., 387 U.S. 397, 410, 87 S.Ct. 1608, 1616, 18 L. Ed.2d 847, 857, where it is said:

". . . § 216(c), 49 U.S.C. § 316 (c), authorizes the railroads to enter into voluntary arrangements for through routes and joint rates with motor carriers. There is no Commission power to compel the railroads to do so, and it is argued that from this we should derive a congressional intent that the ICC may not compel the railroads to furnish services to the motor carriers in any circumstances."

But Section 316(c) of Title 49 equally directs that

"In case of such joint rates, fares, or charges it shall be the duty of the carriers parties thereto to establish just and reasonable regulations and practices in connection therewith, and *just, reasonable,* and *equitable* divi-

sions thereof as between the carriers participating therein which shall not unduly prefer or prejudice any of such participating carriers." (Emphasis added.)

And, in United States v. Western Pacific Railroad Company, *supra,* it was made clear that questions of construction, application and reasonableness of rates and tariffs are questions within the "primary jurisdiction" of the Interstate Commerce Commission. The reasonableness of the particular rates sought to be collected in this case could not have been adjudicated in any prior case in the Commission, even though the general practice of divisional agreements is approved by the decisions of the Commission—and, indeed, by § 316(c), *supra.* Further, in respect to divisional agreements, the issues may include the issue of whether the railroad has an applicable tariff on file relating to "piggy back" service. In American Trucking Ass'n v. Atchison, T. & S. F. R. Co., 387 U.S. at 402, 87 S.Ct. at 1611, *supra,* it is noted that most "piggy back" service is carried on "only by agreement" except for "limited uses of rail open tariffs." But, if an open tariff is on file, the divisional agreement cannot be discriminatory in view of it. Recently, in Atchison, Topeka and Santa Fe Ry. Co. v. United States (N.D.Ill.) 300 F.Supp. 1351, 1357, it was held that the Commission had power to nullify such rates if they were discriminatory. In that case, the Court stated that:

"A holding that the Commission is powerless to regulate discrimination in joint rail-truck rates [charging the carriers more for piggy-back service by barge than by rail] simply because parties voluntarily entered into these rates under a provision in Part II of the Act or because trucks are not specifically designated connecting carriers under Part I of the Act would fly in the face of the National Transportation Policy. Such a holding could not be ascribed as the intent of Congress. We are compelled to hold, therefore, that under the language of the National Transportation Policy and of the Interstate Commerce Act that joint rail-truck rates are to be regulated pursuant to Section 3(4) of Part I of the Act [49 U.S.C. § 3(4)]."

Further, in American Trucking Ass'n, Inc. v. Atchison, Topeka & Santa Fe R. Co., *supra,* the Supreme Court clearly recognized the power of the Commission to regulate piggyback service even though the agreements were voluntarily entered into and the Commission had no power to compel the making of the agreement. The Commission is expressly granted the power to establish just divisions of joint rates in § 316(f), Title 49, United States Code, "after hearing, upon complaint or upon its own initiative." Further, storage charges were sought to be collected, which are to be subjects of filed tariffs, according to § 6, Title 49, United States Code.

In view of the foregoing, it seems inconsistent to dismiss the complaint for want of jurisdiction when the parties seem to have a right to invoke the primary jurisdiction of the ICC and then to return to this Court or another Court in the federal system to enforce or set aside the order of the Commission, in which case the jurisdiction would undoubtedly be proper under §§ 1336, 1337, Title 28, United States Code. It appears also to be an unusual doctrine that an agreement which involves interstate commerce and which in fact is authorized to be made by, and required to meet the standards contained in, federal statutes, can apparently only be enforced in the state courts. But that is what the Court of Appeals has held in this case. This Court is bound by that determination. Therefore, according to the mandate of the Court of Appeals, it is

Adjudged that the complaint herein be, and it is hereby, dismissed for want of jurisdiction.